UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FRANK INMAN, )
  )
  Petitioner, )
  )
v. )
  ) 1:17-cv-00412-GZS
  )
PENOBSCOT COUNTY )
DISTRICT ATTORNEY OFFICE, )
et al., )
  )
  Respondents )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Frank Inman, a pretrial detainee, seeks relief pursuant to 28 U.S.C. § 2254.[1] (Petition, ECF No. 1.) He also filed a motion for bail. (Motion, ECF No. 4.) Petitioner alleges ineffective assistance; he asserts a claim regarding the conditions of his bail, including a claim of excessive bail, established by the state court;

---

[1] Although Petitioner filed the petition pursuant to 28 U.S.C. § 2254, courts have held that section 2254 is limited to post-conviction detention, and that 28 U.S.C. § 2241 is the relevant statute for a habeas challenge to the constitutionality of pretrial detention. *See*, *e.g.*, *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015); *Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008).

The proper respondent in a habeas action is the "immediate custodian," *i.e.*, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 & n.9 (2004) (noting exceptions "in the military context," *i.e.*, exceptions not applicable to Petitioner's allegations). Petitioner named the Penobscot County Jail as the place where he was confined when he filed the petition, but he named the Penobscot County District Attorney's Office and the District Attorney as respondents. (Petition, ECF No. 1 at 1.) This recommended decision assumes, without recommending a decision on the issue, that if necessary, the Court would permit Petitioner to amend the petition to name the custodian as the respondent.

and he alleges a claim regarding the conditions of his confinement. (*Id.* at 1-2; Attachments, ECF Nos. 3-1, 4.)

Petitioner's claims appear to be the same claims Petitioner raised recently in a separate proceeding. (*Inman v. Penobscot County Jail*, No. 1:17-cv-00358-GZS, Petition, ECF No. 1; Recommended Decision, ECF No. 12; Order Affirming, ECF No. 16.)[2] Petitioner filed a notice of appeal in the separate proceeding. (No. 1:17-cv-00358-GZS, Notice of Appeal, ECF No. 19.)[3]

Following a review of Plaintiff's filings, I recommend the Court dismiss the petition and deny the motion for bail.

## DISCUSSION

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987). The First Circuit has noted that "the limited exceptions to the general rule that an appeal terminates a district court's jurisdiction all pertain 'to district court orders that concern matters unrelated to the "substance of the decision" being appealed.'"

---

[2] In this proceeding, Petitioner alleges he is a pretrial detainee on state court charges of operating after revocation, failure to appear, and violating conditions of release, and he provides state court docket numbers in the petition. (Petition at 1.) In the separate proceeding, Petitioner alleged he was a pretrial detainee on a Class C charge of driving without a license, and he evidently did not provide a state court docket number. (*Inman v. Penobscot County Jail*, No. 1:17-cv-00358-GZS, Petition, ECF No. 1.) The discrepancy in Petitioner's allegations regarding the charges appears to have been unintentional.

[3] According to this Court's docket record in *Inman v. Penobscot County Jail*, No. 1:17-cv-00358-GZS, the First Circuit has assigned Docket Number No. 17-2094 to Petitioner's appeal. (No. 1:17-cv-00358-GZS, ECF No. 22.)

*United States v. George*, 841 F.3d 55, 71 (1st Cir. 2016) (quoting *United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (per curiam) (quoting 16A Charles A. Wright *et al.*, *Federal Practice and Procedure* § 3949.1, at 59 (4th ed. 2008))).

In the separate proceeding, because Petitioner has appealed from the substance of the decision, this Court lacks jurisdiction over the claims. *Griggs*, 459 U.S. at 58; *George*, 841 F.3d at 71. Petitioner may not relitigate the claims by initiating another proceeding. *See Crosby v. Brook*, 353 F. App'x 591, 593 (2d Cir. 2009) ("Petitioner cannot show that the instant petition is anything more than an attempt to relitigate issues that have been previously decided by other courts."). Here, Petitioner is attempting through this habeas action to assert the claims he asserted in *Inman v. Penobscot County Jail*, No. 1:17-cv-00358-GZS, which matter is currently on appeal. Dismissal, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, therefore, is appropriate.[4]

To the extent Petitioner is asking the Court to review the bail decision in the state court proceedings, Petitioner's claim fails for the reasons discussed in the separate proceeding. (*Inman*, No. 1:17-cv-00358-GZS, Recommended Decision, ECF No. 12 at 5-6.) *See Sprint Communications, Inc. v. Jacobs*, --- U.S. ---, ---, 134 S. Ct. 584, 591 (2013) (noting that *Younger v. Harris*, 401 U.S. 37 (1971), "preclude[s] federal intrusion into ongoing state criminal prosecutions"). "The considerations of federal-state comity

---

[4] The Rules Governing Section 2254 Cases apply to petitions under 28 U.S.C. § 2241. *See* Rule 1(b); *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (per curiam) (unpublished) (noting that the Rules Governing Section 2254 Cases apply to 28 U.S.C. § 2241 petitions). Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

that militate against federal court intervention, by way of habeas corpus, with respect to state court convictions which have not received final state appellate consideration apply with equal force in the context of state court bail processes in pending proceedings . . . ." *United States v. Kehl*, 456 F.2d 863, 869 (2d Cir. 1972) (discussing the requirement under 28 U.S.C. § 2254(b) that relief not be granted unless a petitioner has exhausted available state court remedies).[5] *See Davila v. Davis*, --- U.S. ---, 137 S. Ct. 2058, 2064 (2017) ("[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court. § 2254(b)(1)(A). The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first

---

[5] Title 28 U.S.C. § 2254(b) and (c) address exhaustion and provide:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B) (i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

according the state courts an 'opportunity to . . . correct a constitutional violation.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

The analysis set forth in the Court's decision in the separate proceeding is not altered simply because Petitioner asserts his claim in a section 2254 proceeding, or because Petitioner contests the factual basis for an alleged bail revocation. (Petition at 10.) Petitioner alleges no facts that would support the conclusion that he exhausted all available state court remedies.

## CONCLUSION

Based on the foregoing analysis, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition (ECF No. 1) and deny the motion for bail (ECF No. 4). I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of November, 2017.